UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELIYAHOU ALALOUF and ORAN ALALOUF,

        Plaintiff,

    - against -

P.O. VINCENT MUGNO, Shield No. 14844,
LIEUTENANT NEAL POLIS, SERGEANT
JOSEPH C. DIGENNARO, Shield No. 4419,
SERGEANT WILLIAM WANAMAKER, Shield
No. 5547, P.O. WILLIAM PARKER, Shield
No. 29981, P.O. FRANK CARUSO, Shield
No. 11601, DEPUTY INSPECTOR MICHAEL
COYLE and THE CITY OF NEW YORK,

        Defendants.
------------------------------------------------------------X

14 CV 2457 (ARR) (JO)

AMENDED
COMPLAINT AND
JURY TRIAL DEMAND

    Plaintiffs, ELIYAHOU ALALOUF and ORAN ALALOUF, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

    4.    Plaintiffs, invoking the pendent jurisdiction of this Court, also seek compensatory and punitive damages for battery and false arrest.

## VENUE

    5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff ELIYAHOU ALALOUF was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, plaintiff ORAN ALALOUF was and is a natural person, resident in the County of Queens, City and State of New York.

9. At all times relevant hereto, plaintiff ELIYAHOU ALALOUF was and is the father of plaintiff ORAN ALALOUF.

10. At all times relevant hereto, defendant P.O. VINCENT MUGNO, Shield No. 14844 (hereinafter "MUGNO") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant LIEUTENANT NEAL POLIS (hereinafter "POLIS") was and is a natural person, employed as a lieutenant by defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant SERGEANT JOSEPH C. DIGENNARO, Shield No. 4419 (hereinafter "DIGENNARO") was and is a natural person, employed as a sergeant by defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant SERGEANT WILLIAM WANAMAKER, Shield No. 5547 (hereinafter "WANAMAKER") was and is a natural person, employed as a sergeant by defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant P.O. WILLIAM PARKER, Shield No. 29981, (hereinafter "PARKER") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

15. At all times relevant hereto, defendant P.O. FRANK CARUSO, Shield No. 11601, (hereinafter "CARUSO") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

16. At all times relevant hereto, defendant DEPUTY INSPECTOR MICHAEL COYLE (hereinafter "COYLE") was and is a natural person, employed as a deputy inspector by defendant CITY OF NEW YORK.

17. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

18. On or about April 17, 2013, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiffs served upon the Comptroller of the City of New York verified written notices of claim setting forth the time, place, nature and manner in which said claims arose.

19. More than thirty (30) days have elapsed since the aforementioned verified notices of claim were served and the Comptroller has neglected and refused to make payment of said claims.

20. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

21. The individual defendants are sued in their individual capacities.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
## (42 U.S.C. §1983)

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "21" hereinabove as if more fully set forth at length herein.

23. At all times relevant hereto, plaintiff ELIYAHOU ALALOUF resided at 147-54 71st Road, Kew Gardens Hills, County of Queens, City and State of New York (hereinafter "subject premises").

24. At all times relevant hereto, plaintiff ORAN ALALOUF resided at 137-84 70th Avenue, Kew Gardens Hills, County of Queens, City and State of New York.

25. On or about January 18, 2013, at approximately 7:20 P.M., plaintiff ELIYAHOU ALALOUF was at home at the subject premises with his wife Shoshana Alalouf and sixty-eight year old mother-in-law Ora Kalev, after the three of them had consumed their Shabbat dinner.

26. At the aforementioned time and place, the individual defendants, supervised by defendants COYLE and POLIS, and dressed in black military-type gear and wearing helmets with face shields, smashed in the door of the subject premises and ran into it, brandishing pistols, ballistic shields, rifles and flashlights.

27. Two of the individual defendants ran into the bedroom where plaintiff ELIYAHOU ALALOUF was sitting on his bed reading, jumped onto the bed, ordered him to kneel on the floor, which he did, pulled his hands behind his back and handcuffed him.

28. With absolutely no cause to do so whatsoever, one or more of the individual defendants struck plaintiff ELIYAHOU ALALOUF with a rifle butt and with a ballistic shield, thereby causing a severely bleeding laceration to his head.

29. Plaintiff ELIYAHOU ALALOUF and his wife and mother-in-law both heard the individual defendants speaking to each other, saying, "Are you sure you have the right address?" "It's clean." "Nothing in the closet."

30. One of the individual defendants was overheard calling on his radio asking if the person he was speaking to, upon information and belief another police officer, had given the individual defendants the correct address.

31. One of the individual defendants asked plaintiff ELIYAHOU ALALOUF "Where's the roommate?"

32. Plaintiff ELIYAHOU ALALOUF replied, "What roommate? I live here with my wife and my mother-in-law."

33. Plaintiff ELIYAHOU ALALOUF was asked three times what his real name was.

34. Plaintiff ELIYAHOU ALALOUF was also asked repeatedly to show the individual defendants where the "pot" was.

35. Plaintiff ELIYAHOU ALALOUF was told by one of the individual defendants that if he wanted his wife and his mother-in-law to be able to sleep in their own beds that night, he would tell the individual defendants where the "pot" was.

36. There was no marijuana in the subject premises.

37. Plaintiff ELIYAHOU ALALOUF's wife and mother-in-law were handcuffed and taken outside.

38. Plaintiff ELIYAHOU ALALOUF was left sitting in his house, bleeding from the aforementioned wound, for approximately one hour.

39. Plaintiff ELIYAHOU ALALOUF's wife and mother-in-law were placed under arrest and taken to the stationhouse of the 107th Precinct.

40. Plaintiff ELIYAHOU ALALOUF was taken by ambulance to New York Hospital of Queens, where his scalp wound was treated with three staples and six sutures.

41. At approximately 1:00 A.M. on the following day, plaintiff ELIYAHOU ALALOUF was brought to the stationhouse of the 107th Precinct.

42. At or about 11:00 P.M. on the night of the aforementioned incursion, plaintiff ORAN ALALOUF, having been told by a friend that his parents' house had been raided by a SWAT team, went to the stationhouse of the 107th Precinct to inquire as to what had happened.

43. At the aforementioned stationhouse, plaintiff ORAN ALALOUF was questioned, thrown against a wall and placed under arrest.

44. Plaintiffs and Mrs. Alalouf and her mother were all transported to Queens Central Booking at approximately 6:00 A.M. on January 19, 2013.

45. Plaintiffs, Mrs. Alalouf and her mother were brought before a judge of the Criminal Court of the City of New York at approximately midnight on January 19, 2013.

46. The destructive search of the subject premises yielded medication that Mrs. Alalouf had been prescribed for back ailments, untaxed cigarettes that had been provided to plaintiffs by a friend who was employed by El-Al Airlines, an old air rifle that plaintiff ELIYAHOU ALALOUF had purchased for plaintiff ORAN ALALOUF fifteen years previously, and a knife in a box.

47. Defendant MUGNO charged both plaintiffs as well as Mrs. Alalouf and her sixty-eight-year-old mother with two counts of criminal possession of a controlled substance in the third degree, evasion of tobacco taxes, one of count of criminal possession of a controlled substance in the seventh degree, one count of criminal possession of a weapon in the fourth degree, and one count of an administrative code violation with regard to the air rifle.

48. Plaintiff MUGNO also took a substantial amount of currency that plaintiff ELIYAHOU ALALOUF and his wife had put aside to pay for the wedding of their other son.

49. On August 14, 2013, Mrs. Alalouf and her mother each pleaded guilty to disorderly conduct.

50. On August 14, 2013, plaintiffs each received adjournments in contemplation of dismissal.

51. The individual defendants hereto violated plaintiffs' rights, guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States, to be free from the use of excessive force, to be arrested only with probable cause and to be secure in their house and personal effects against unreasonable searches in that, acting under color of state law, they, without any cause or provocation, struck plaintiff ELIYAHOU ALALOUF in the head with a rifle butt, causing a laceration requiring three staples and six sutures to close, falsely placed plaintiffs under arrest, searched plaintiff ELIYAHOU ALALOUF's dwelling without a proper warrant, destroyed personal property and improperly took currency.

52. Because of the aforementioned acts committed by the individual defendants hereto, plaintiffs suffered a deprivation of the rights to liberty and due

process of law guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, plaintiff ELIYAHOU ALALOUF suffered and continues to suffer serious and permanent physical injuries, plaintiff ORAN ALALOUF lost time from his schooling, plaintiffs were required to pay an attorney for representation in the criminal proceeding and plaintiff ELIYAHOU ALALOUF had to pay to repair and replace personal property damaged and taken by the individual defendants.

53. By reason of the unconstitutional and illegal actions taken against them by the individual defendants hereto, plaintiffs demand damages in an amount sufficient to compensate them for their damages as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ELIYAHOU ALALOUF
### AGAINST THE INDIVIDUAL DEFENDANTS
### and THE CITY OF NEW YORK
### (Battery)

54. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "53" hereinabove as if more fully set forth at length herein.

55. On or about January 18, 2013, at approximately 7:20 P.M., in the subject premises, one or more of the individual defendants, without probable cause, offensively touched plaintiff ELIYAHOU ALALOUF by striking him on the right side of his face with the butt of a rifle and on his head with a ballistic shield.

56. The aforementioned force used by the individual defendants was not reasonable under the circumstances.

57.	At the aforementioned time and place, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

58.	By reason of the aforementioned battery committed against him by one or more of the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff ELIYAHOU ALALOUF suffered and continues to suffer serious and permanent physical and emotional injuries, all of which required medical treatment.

59.	As a result of the battery committed against him by one or more of the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff ELIYAHOU ALALOUF demands damages in an amount sufficient to compensate him for his damages as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS and THE CITY OF NEW YORK
### (False Arrest)

60.	Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "59" hereinabove as if more fully set forth at length herein.

61.	On or about January 18, 2013, at approximately 7:20 P.M., at the subject premises, one or more of the individual defendants, without probable cause therefor, forcibly, wrongfully and unlawfully arrested plaintiff ELIYAHOU ALALOUF.

62.	On or about January 18, 2013, at approximately 11:00 P.M., at the stationhouse of the 107th Precinct, one or more of the individual defendants, without

probable cause therefor, forcibly, wrongfully and unlawfully arrested plaintiff ORAN ALALOUF.

63.  At the time they committed the aforementioned acts of false arrest, the aforementioned individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

64.  By reason of the false arrests committed against plaintiffs by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiffs suffered serious psychological injury, a loss of liberty, were forced to pay an attorney to defend them, and plaintiff ORAN ALALOUF lost time from his schooling.

65.  As a result of the aforesaid acts of false arrest, committed against plaintiffs by the individual defendants while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiffs demand damages in an amount sufficient to compensate them for their damages as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

WHEREFORE, plaintiffs, ELIYAHOU ALALOUF and ORAN ALALOUF, demand judgment against defendants P.O. VINCENT MUGNO, Shield No. 14844, LIEUTENANT NEAL POLIS, SERGEANT JOSEPH C. DIGENNARO, Shield No. 4419, SERGEANT WILLIAM WANAMAKER, Shield No. 5547, P.O. WILLIAM PARKER, Shield No. 29981, P.O. FRANK CARUSO, Shield No. 11601, DEPUTY INSPECTOR MICHAEL COYLE and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:   An amount sufficient to compensate them for their damages as enumerated hereinabove and, in addition, seek punitive damages

against the individual defendants, both amounts to be determined at the trial of this action;

SECOND CAUSE OF ACTION: An amount sufficient to compensate them for their damages as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants, both amounts to be determined at the trial of this action; and

THIRD CAUSE OF ACTION: An amount sufficient to compensate them for their damages as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
October 2, 2014

*/s/ Alan D. L.*
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2287